UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                                            :
RAZIUDDIN CHOUDHURY,                                        :     04 Civ. 0142 (RJH)(AJP)
                                                            :
                              Plaintiff,                    :
                                                            :
        -against-                                           :     MEMORANDUM OPINION
                                                            :         AND ORDER
JO ANNE B. BARNHART, Commissioner of                        :
Social Security,                                            :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------x
```

This was an action for mandamus to compel the Social Security Administration ("SSA") to pay approximately $10,000 in back-pay benefits, or, in the alternative, to explain why the back-pay was being withheld. After the SSA informed plaintiff that he had received benefits exceeding the amount for which he was eligible – leaving him in debt to the SSA for approximately $14,000 – plaintiff moved to voluntarily dismiss his complaint. The Court granted that request on May 19, 2004 and entered an order discontinuing the case, but did not retain jurisdiction over the matter. Shortly thereafter, on June 18, 2004, plaintiff moved for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), claiming that he was a "prevailing party" in the underlying (and by that point, dismissed) action. That motion was referred to Magistrate Judge Andrew Peck, who on September 16, 2004 denied the request. *Choudhury v. Barnhart*, 2004 WL 2053014 (S.D.N.Y. Sept. 15, 2004). On October 4, 2004, plaintiff filed timely objections to that decision and asked this court to treat Judge Peck's opinion as a Report and Recommendation. The Court now does so, and, for the reasons discussed below, adopts Judge Peck's decision and denies plaintiff's request for fees.

## I. Standard of Review

Pursuant to Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, district courts should treat motions for attorneys' fees as "dispositive pretrial matter[s]" for purposes of reviewing objections to a magistrate judge's decision. Fed. R. Civ. P. 54(d)(2)(D). Accordingly, this Court must apply the standard of review set forth in 28 U.S.C. § 636(b)(1)(B) and (C), as well as Fed. R. Civ. P. 72(b), which, collectively, require the Court to conduct a *de novo* review of those portions of the magistrate judge's findings to which the parties object (subject to certain exceptions not applicable here). 28 U.S.C. § 636(b)(1)(C). That review follows.

## II. "Prevailing Party" Standards

As noted at the outset, plaintiff has moved for attorneys' fees pursuant 28 U.S.C. § 2412(d), which allows a court to award a "prevailing party" with fees and expenses incurred in "any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the Unites States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). It is well established that a plaintiff "prevails" when a court adjudicates his claims favorably, such as where the plaintiff attains a judgment on the merits, or a court ordered consent decree. *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 600-602 (2001); *Preservation Coalition of Erie County v. Federal Transit Admin.*, 356 F.3d 444, 452 (2d Cir. 2004) (stating that there needs to be a "'court ordered chang[e] [in] the legal relationship between [the plaintiff] and the defendant' or a 'material alteration of the legal relationship of the parties.'" (alterations in the original) (quoting *Buckhannon*, 532 U.S. at 604)). By contrast, the Supreme Court has held that a plaintiff does <u>not</u>

qualify as a "prevailing party" simply because a defendant voluntarily alters his behavior, *even if* in doing so the plaintiff is substantially provided with the relief sought in the complaint. *Buckhannon*, 532 U.S. at 600.[1] That is to say, where a plaintiff claims to have prevailed simply because his lawsuit *preceded* some voluntary act on the part of the defendant that approximated his requested relief, he will not be entitled to attorneys' fees under 28 U.S.C. § 2412(d). On this basis, Judge Peck concluded that plaintiff was not a prevailing party within the meaning of the EAJA. For the following reasons, this Court agrees.

### III. Plaintiff Is Not a "Prevailing" Party

Plaintiff objects to Judge Peck's decision and contends that he is, in fact, a prevailing party for three reasons: 1) the "so ordered" stamp on plaintiff's voluntary dismissal constitutes a court-ordered alteration in the legal relationship between the parties; 2) there is no distinction between a mandamus action and a "sentence four" remand under §405(g) of the Social Security Act; and 3) he received the relief he requested in his complaint, namely, an explanation of benefits from the SSA. The Court will address these arguments in turn.

#### 1. The "So Ordered" Stamp

Plaintiff offers no authority to support his claim that "so ordering" a voluntary motion for dismissal altered the legal relationship between the parties such that he "prevailed". Neither has this Court found any. The essential holding of *Buckhannon* is that a voluntary change in behavior by a defendant – unprompted by judicial intervention – cannot *ipso facto* confer prevailing party status on a plaintiff. 532 U.S. at 600-602. So in this case it cannot matter for

---

[1] Although *Buckhannon* dealt specifically with the fee shifting provisions of the Americans with Disabilities Act, the Second Circuit has reached the same conclusion in several other contexts. *See*, *e.g.*, *J.C. v. Regional School Dist. 10. Bd. of Ed.*, 278 F.3d 119, 123 (2d Cir. 2002) ("the standards used to interpret the term prevailing party under any given fee-shifting statute are generally applicable in all cases in which Congress has authorized an award of fees to a prevailing party" (internal quotations omitted)). This Court sees no reason to deviate from that principle in this case.

purposes of 28 U.S.C. § 2412(d) that plaintiff ultimately received the explanation he was looking for from the SSA, regardless of whether the Court "so ordered" the voluntary dismissal. Indeed, to hold otherwise would create an enormous loophole in *Buckhannon's* command that a party "prevails" only where a Court "alter[s] . . . the legal relationship of the parties." *Id.*, at 622 (quotation marks omitted). Namely, it would mean that anytime a plaintiff filed a suit and then voluntarily dismissed it he would be entitled to attorneys' fees, regardless of whether his suit was meritorious. For exactly this reason the Second Circuit has held that a "so-ordered" stipulation of dismissal – absent a provision indicating that the dismissing court intends to retain jurisdiction – <u>does not</u> carry with it a "judicial imprimatur" sufficient to satisfy *Buckhannon's* prevailing party test. *Torres v. Walker*, 356 F.3d 238, 244-45 (2d Cir. 2004).

Recognizing this, plaintiff argues that this Court in fact "retained jurisdiction" over the voluntarily dismissal in the sense that the Court must now decide plaintiff's fee application under 28 U.S.C. § 2412(d). In other words, plaintiff's position is that he should be considered a prevailing party *because* he now asks for attorneys' fees, which, taking it a step further, means that *every* plaintiff who voluntarily dismisses an action and then brings a fee application is a prevailing party. That simply cannot be the case. Absent some evidence that this Court retained jurisdiction over the <u>underlying dispute</u>, for example by agreeing to monitor a settlement between plaintiff and the SSA, plaintiff cannot show that he is a "prevailing party," at least as that term was construed in *Buckhannon*.

### 2. Section 405(g)

Plaintiff next argues that he prevailed because dismissal of his case was analogous to a remand under § 405(g) of the Social Security Act. To be sure, several courts have held that a party obtaining a remand to an administrative agency for further findings (in this case under

4

sentence four of § 405(g) of the Social Security Act) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *McKay v. Barnhart*, 327 F. Supp. 2d 263, 256 (S.D.N.Y. 2004); *Former Employees of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1365-66 (S.D.N.Y. 2003); *Edwards v. Barnhart*, 238 F. Supp. 2d 645, 649 (S.D.N.Y. 2003). But plaintiff's attempt to analogize a § 405(g) remand to the voluntary dismissal of his complaint does not work. This Court does not have – nor did it ever have – the ability to affirm, modify, or reverse the findings of the ALJ who heard plaintiff's administrative action, or to remand the case to the SSA (or any other agency) for further proceedings. The administrative decision was simply never at issue in this mandamus action, which means that plaintiff's analogy fails.

### 3. The SSA Explanation

Finally, plaintiff maintains that the explanatory letter he received from the SSA is sufficient to confer prevailing-party status. This argument also fails. The SSA provided its explanation to plaintiff voluntarily, and without judicial intervention. This is exactly the type of conduct that falls outside the Supreme Court's holding in *Buckhannon*. It is of no moment that plaintiff's $14,000 obligation to the SSA has not yet been litigated, even if the explanatory letter opened an "avenue through which he can now vindicate his entitlement." Plaintiff cannot escape the facts that he terminated this action by his own volition, and that this Court did not retain jurisdiction over the dispute.

### IV. Conclusion

For the foregoing reasons, plaintiff's motion for attorneys' fees [7] is DENIED.

SO ORDERED.

Dated: New York, New York
October 11, 2005

_____
Richard J. Holwell
United States District Judge